**SO ORDERED.**

**SIGNED this 3rd day of February, 2014.**



_Dale L. Somers_
Dale L. Somers
United States Bankruptcy Judge

_____

**For on-line use but not print publication**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| In Re:<br><br>**DAVID TODD LEONARD and**<br>**MICHELLE LEIGH LEONARD,**<br><br>DEBTORS. | **CASE NO. 09-20190**<br>**CHAPTER 7** |
| **JANICE POSL-BENDSEN, by John R.**<br>**Kurth, guardian and conservator; and**<br>**JOHN R. KURTH, Trustee of the Janice**<br>**Posl-Bendsen Revocable Living Trust,**<br><br>PLAINTIFFS,<br><br>v.<br><br>**DAVID TODD LEONARD and**<br>**MICHELLE LEIGH LEONARD,**<br><br>DEFENDANTS. | **ADV. NO. 09-6043** |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANTS' MOTION TO DISMISS**

In this adversary proceeding creditors Janice Posl-Bendsen, by John R. Kurth, guardian and conservator, and the Trustee of the Janice Posl-Bendsen Revocable Living Trust object to the discharge of their claim against Debtors David Todd Leonard and Michelle Leigh Leonard under 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6) and also seek an order denying discharge under 11 U.S.C. §§ 727(a)(3), (a)(4), and (a)(5). Debtors, who appear pro se, move to dismiss under Bankruptcy Rule 7012(b)(6). Plaintiffs, who appear by Patrick E. Henderson, oppose the motion. The Court has jurisdiction.[1] For the reasons discussed below, the Court denies the motion.

**THE MOTION TO DISMISS.**

**A. The applicable standard.**

Defendants move to dismiss under Federal Bankruptcy Rule 7012(b), which incorporates Federal Rule 12(b). It provides for presentation by motion of the defense of "failure to state a claim upon which relief can be granted." As recently stated by Judge Karlin of this Court, that rule requires that

> the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must present factual allegations, that when assumed

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and (J). There is no objection to venue or jurisdiction over the parties.

to be true, "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. This contextual approach means comparing the pleading with the elements of the cause(s) of action." A plaintiff must include in the complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." "[T]he complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[2]

Defendants, in addition to relying upon this standard under Bankruptcy Rule 7012, also cite Bankruptcy Rule 9(b) which states, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

**B. The motion is not granted because the Defendants' arguments are not sufficient.**

After discussing the applicable standard, Defendants' memorandum in support of their motion includes a long section labeled "uncontroverted facts." These facts are a quotation of the uncontroverted facts found by the Court when denying the Plaintiffs' motion for summary judgment.[3] Next, the memorandum includes an analysis of the elements of the various claims of the complaint, with the exception of Count I. In

---

[2] *Farmway Credit Union v. Eilert (In re Eilert)*, 2014 WL 23744, *1 (Bankr. D. Kan. Jan. 22, 2014) (footnotes omitted). Defendants' statement of the applicable standard is consistent with this quotation. *See* dkt. 214 at 2.

[3] Dkt. 195.

3

conclusion of their argument, Defendants state, "The Plaintiffs' adversary complaint merely makes conclusory allegations, therefore, it fails to state a claim upon which relief can be granted and it fails to show that the debtors discharge should be denied."[4]

The Court declines to grant the motion because the arguments in support fail to address the controlling standard. The only facts set forth are from the summary judgment ruling.[5] There is no discussion whether the allegations of the complaint contain enough facts to state a claim to relief that is plausible on its face.

**CONCLUSION.**

For the foregoing reasons, the motion to dismiss the complaint is denied.

**IT IS SO ORDERED.**

**###**

---

[4] Dkt. 214 at 11.

[5] Applicability of the findings of uncontroverted facts made by the Court when ruling on a motion for summary judgment is limited to the specific motion under consideration when the findings were made.

4